IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**MICHAEL JACKSON,**

      **Plaintiff,**

**v.**                                     **Case 2:17-cv-02039-JTF-cgc**

**TRANSWOOD and
ARCH INSURANCE COMPANY,**

      **Defendants.**

---

**REPORT AND RECOMMENDATION ON
TRANSWOOD CARRIERS, INC.'S MOTION TO DISMISS AND
ARCH INSURANCE COMPANY'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

---

Before the Court Defendant Transwood Carriers, Incorporated's ("Transwood")[1] Motion to Dismiss (Docket Entry ("D.E.") #18) and Arch Insurance Company's ("Arch")[2] Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (D.E. #26) (collectively "Defendants"). The instant motions were referred to the United States Magistrate Judge for

---

[1] Plaintiff did not identify in his Complaint which Transwood Entity he seeks to name as a defendant. The Court's docket reflects the Defendant to be "Transwood" as Plaintiff alleged. However, Plaintiff identified TransWood Carriers, Inc. in his administrative charge with the Equal Employment Opportunity Commission ("EEOC"). Accordingly, this is the entity that filed the Motion to Dismiss.

[2] The body of Plaintiff's Complaint names Gallagher Basset Insurance Carrier, who was the third-party administrator of workers' compensation claims for Arch and the workers' compensation insurance carrier for Arch, as a defendant (See Arch's Mot. to Dismiss at 1-2). Plaintiff's summons lists Defendant as "Arch Insurance Co." to be served at "Arch Insurance Co. (Gallagher Bassett Insurance Carrier)." Arch has stated that there is no such entity as "Gallagher Bassett Insurance Carrier." (Arch's Memorandum in Support of Mot. to Dismiss, Exh. A ("Mayo Aff.") ¶ 3). The Court's docket does not list Gallagher Bassett as a Defendant in the instant case.

Report and Recommendation pursuant to Administrative Order 2013-05[3]. For the reasons set forth herein, it is RECOMMENDED that Transwood's Motion to Dismiss be GRANTED and that Arch's Motion to Dismiss be GRANTED.

## I.    Introduction

On January 19, 2017, Plaintiff Michael Jackson filed a *pro se* Complaint alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112, *et seq*., as amended ("ADAAA"). Plaintiff alleges that he began his employment as a "laborer" in "about September 2011." (Compl. ¶¶ 1, 10).[4] He alleges that, on or about September 10, 2015, he suffered an "on the job injury" and that he has "a disability that the company was aware of." (*Id*. ¶ 10). He alleges that his disability affects his "back, neck and shoulders, and legs." (*Id*. ¶ 9). He alleges that Defendants failed to accommodate his disability and that his employment was terminated on or about October 30, 2015 while he was under the care of his workers' compensation doctor for missing work. (*Id*. ¶¶ 6-8). Plaintiff filed a charge with the EEOC on November 15, 2016 and alleges that he received his Dismissal and Notice of Rights on November 22, 2016. (*Id*. ¶¶ 12, 14 & Exh. 4). Plaintiff seeks $750,000.00 in compensatory damages for his injuries, pain and suffering, his medical expenses, and his "inability to provide for [his] family," as well as $200.00 weekly for the rest of his life. (*Id*. at 6).

On July 7, 2017, Transwood filed its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure alleging that Plaintiff failed to satisfy his administrative prerequisite and file his EEOC charge within either 300 days of his employment termination for

---

[3] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

[4] Plaintiff's Complaint does not allege which Defendant was his employer. (Compl. ¶¶ 1, 10).

the ADAAA claim or file this case within one year of his employment termination if the Court construes the Complaint to raise a common-law claim for retaliatory discharge. On August 31, 2017, Arch filed its Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, which asserted the same grounds for dismissal pursuant to Rule 12(b)(6) as Transwood. Arch additionally asserts that Plaintiff has not sufficiently served process upon Arch requiring dismissal pursuant to Rule 12(b)(5), that Plaintiff has failed to plead any facts alleging any employment with or fault against Arch or Gallagher Bassett requiring dismissal pursuant to Rule 12(b)(6). Finally, Arch asserts that, should the Court consider evidence outside the pleadings, summary judgment is appropriate in its favor pursuant to Rule 56.

On November 28, 2017, the Court issued an Order to Show Cause directing Plaintiff to respond to Transwood and Arch's Motions to Dismiss. On December 1, 2017, Plaintiff filed a Response explaining certain medical issues but not otherwise responding to the arguments presented in the Motions to Dismiss. (D.E. #34). On December 6, 2017, Transwood and Arch filed Replies noting Plaintiff's failure to respond to the legal issues and requesting that the Court consider their Motions to Dismiss as unopposed and dismiss the case with prejudice. (D.E. #35, #36).

## II.     Proposed Analysis

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can

support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Under the ADAAA, an individual must file a charge of discrimination within 300 days after the alleged unlawful employment practice occurred. *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 309 (citing 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e)(1)). Here, Plaintiff alleges that he suffered an on-the-job injury on or about September 10, 2011 and that Defendants failed to accommodate his disability until his employment was terminated on or about October

30, 2015.  Plaintiff did not file his EEOC charge until November 16, 2016, which was 383 days

after his termination and 433 days after his on-the-job injury that he asserts the company, during

that period, did not accommodate.[5]    Accordingly, it is RECOMMENDED that Plaintiff's

ADAAA claim should be dismissed pursuant to Rule 12(b)(6).

Additionally, although Plaintiff does not explicitly state a claim for retaliatory discharge

for asserting a workers' compensation claim under Tennessee law, *see* Tenn. Code Ann. § 50-1-

304, Transwood and Arch both argue that, even if such a claim is construed, it is time-barred.

Under Tennessee law, a one-year statute of limitations applies to claims of retaliatory discharge.

*Weber v. Moses*, 938 S.W.2d 387, 393 (Tenn. 1996) (citing Tenn. Code Ann. § 28-3-104).  Such

an action "accrues when the plaintiff knows, or in the exercise of reasonable care and diligence

should know, that an injury has been sustained."  *Weber*, 938 S.W.2d at 393 (citing *Wyatt v. A-

Best, Co., Inc.*, 910 S.W.2d 851, 854 (Tenn. 1995)).  Here, Plaintiff knew or should have known

of the injury on the date of his termination.  He filed his Complaint 383 days after that date,

which is not within the one-year statute of limitations.  Accordingly, it is RECOMMENDED

that, if a claim of retaliatory discharge is construed, it should also be dismissed as time-barred.

In addition to the failure of Plaintiff's claims as untimely, Arch asserts that it has not

been sufficiently served process and that claims against it should be dismissed pursuant to Rule

12(b)(5) of the Federal Rules of Civil Procedure.  The Court's docket reflects a summons

returned executed to "Arch Insurance Co. (Gallagher Bassett Insurance Carrier)" at P.O. Box

292109, Nashville, TN, 37229.  (D.E. #24).  Arch believes that Plaintiff tried to serve it through

Gallagher Bassett and speculates that this may be why Gallagher Bassett is named as a party.

Even so, Arch states that Gallagher Bassett is not a registered agent for service of process.  (*See*

---

[5]  Plaintiff does not allege either any details of any requests for accommodations or when such
requests occurred.

Memorandum in Support of Arch's Motion to Dismiss, Exh. A ("Mayo Affidavit") ¶ 4); *see also*

*Metropolitan Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich.

2006) (citations omitted) ("In deciding a motion to dismiss under Rule 12(b)(5), the court may

refer to record evidence in determining the sufficiency of the evidence. . . . Facts attested to in

uncontroverted affidavits may be considered in ruling on a motion to dismiss under Rule

12(b)(5)"). Further, Plaintiff has not responded with any argument as to how service of process

was properly effected. Thus, it is also RECOMMENDED that Plaintiff's claims against Arch

must be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for

insufficient service of process.

### III.    Conclusion

For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Complaint be

dismissed pursuant to Rule 12(b)(6) because the ADAAA claim as well as any retaliatory

discharge claim is untimely. It is additionally RECOMMENDED that Plaintiff's Complaint

against Arch must be dismissed for insufficient service of process pursuant to Rule 12(b)(5).

**DATED** this 13th day of June, 2018.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN
FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.
28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS
MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY
FURTHER APPEAL.**