IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MCHAEL JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-cv-02039-JTF-cgc |
| | ) |
| TRANSWOOD CARRIERS, INC., and | ) |
| ARCH INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Before the Court is a Motion to Dismiss that was filed by Defendant TransWood Carrier, Inc.[1] on July 7, 2017, and a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment that was filed by Arch Insurance Company[2] ("Arch") on August 31, 2017, respectively. (ECF Nos. 18 & 26.) The motions were referred to the assigned United States Magistrate Judge for management of all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and 28 U.S.C. §§ 636 (b)(1)(B) & (C) and West Tenn. L.R. 4.1(b)(1). On June 13, 2018, the Magistrate Judge issued a Report and Recommendation on Defendants' Motions to Dismiss in which she recommended that both motions to dismiss be granted and the case dismissed. (ECF No. 40). On June 26, 2018,

---

[1] Defendant asserts that Plaintiff's Complaint does not identify which TransWood entity is involved in his case. (ECF No. 18, 1 at n.1.)
[2] In the Motion to Dismiss or in the Alternative, Motion for Summary Judgment, Defendant clarifies that it is incorrectly named in the Complaint as Arch Insurance Company, or "Arch Insurance," when it is actually Arch Insurance Group. Gallagher Bassett Insurance carrier is also named as Defendant in this action but Defendant Arch Insurance asserts there is no company by that name and at the time of Plaintiff's employ, Gallagher Bassett was the third party administrator of Arch Insurance's workers compensation claims. Arch also asserts that Gallagher Bassett is not named anywhere else in the Complaint nor is it the registered agent for service for Arch Insurance. (ECF Nos. 26, 1 & 27, 1-2.)

1

Plaintiff filed objections to the Magistrate Judge's Report and Recommendation to which both TransWood and Arch filed separate Responses on June 28, 2018. (ECF Nos. 41, 42 & 43.) Upon a *de novo* review, the Court adopts the Report and Recommendation and finds that the Defendants' Motions to Dismiss should be Granted.

## I. STANDARD OF REVIEW

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *See e.g. Baker v. Peterson*, 67 F. App'x 308, 311, 2003 WL 21321184 (6th Cir. 2003) and Fed. R. Civ. P. 72(a). When a Magistrate Judge submits to a district judge proposed findings of fact and recommendations, any party may serve and file written objections to such proposed findings and recommendations in accordance with the rules of court. 28 U.S.C. §§ 636(b)(1)(B)-(C). After reviewing the evidence, the Court may accept, reject, or modify, in whole or in part, any findings or recommendations made by a Magistrate Judge. *Id.*

Any party who disagrees with a Magistrate Judge's recommendation may file written objections. *Id.*, 474 U.S. at 142; Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Tenn. West. LR 72.1(g)(2). A failure to file specific objections to a magistrate judge's report does not meet the requirement of filing an objection at all. *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir 1991); *McCready v. Kamminga*, 113 Fed. App'x. 47, 49 (6th Cir. 2004). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown v. Board of Educ. of Shelby County Schools*, 47 F.Supp.3d 665, 674 (W.D. Tenn. 2014). "Pro se complaints are to be held "to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed. . . . Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil

Procedure." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A Court need not review any portion of the recommendation to which a plaintiff does not specifically object. Therefore, it may adopt the findings and rulings of a Magistrate Judge to which a specific objection is not filed. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985). As noted, Plaintiff has filed an objection to the Magistrate Judge's Report and Recommendation in this case.

## II. <u>FINDINGS OF FACT</u>

In her report and recommendation, the Magistrate Judge summarized the facts in this case as follows: On September 10, 2015, Plaintiff Michael Jackson alleges he suffered an on-the-job injury to his back, neck, shoulders, and legs while working for TransWood Carriers. He asserted that he was discharged from his employment on October 30, 2015 while on leave due to his injuries and "under the care of a workers' compensation doctor." On November 15, 2016, Jackson filed a Charge with the EEOC asserting that he had suffered employment discrimination and retaliation based on his disability and in violation of the Americans with Disability Act ("ADA") or 42 U.S.C. § 12122, *et seq.* (ECF Nos. 40 and 1-3.) The EEOC issued a Dismissal and Notice of Rights, or Right-to-Sue Letter to Jackson dated November 22, 2016. (*Id.* at 1-4.) As a result, on January 19, 2017, Jackson filed a *pro se* complaint in this Court asserting that Defendants had committed violations of the ADA. (ECF No. 1). As noted above, Plaintiff filed a document and medical appointment reminder as an objection to the Magistrate Judge's report and recommendation. (ECF No. 41). Upon consideration, Plaintiff's objection to the report and recommendation does not pertain to the proposed findings of fact in the Magistrate Judge's report and recommendation. Therefore, the Court adopts the factual history provided in the report and recommendation.

## III. ANALYSIS

The Magistrate Judge recommends that Plaintiff's Complaint against the Defendants should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff failed to file his EEOC charge within 300 days of his termination. Also, Plaintiff failed to file his case in this Court within one year from his termination, in accordance with the time allowed for filing a retaliatory discharge claim. *Parry v. Mohawk Motors of Michigan, Inc.,* 236 F.3d 299, 309 (2000) and 42 U.S.C. §§ 12777(a) and 2000e-5(e)(1)). "Under the ADA, a claimant who wishes to bring a lawsuit claiming a violation of the ADA must file a charge of discrimination with the EEOC within 300 days of the alleged discrimination." *Parry*, 236 F.3d at 309. Plaintiff's Complaint and Charge of Discrimination clearly identifies October 30, 2015, as the date of his termination and as such, the date in which Plaintiff's action accrued. According to the Magistrate Judge's calculations, Plaintiff did not file his EEOC charge until November 15, 2016, some 383 days after his termination and 433 days after his on-the-job injury. Plaintiff filed his complaint on January 19, 2017, which was not within the one year statute of limitations for retaliatory discharge actions in Tennessee. *See* Tenn. Code Ann. § 50-1-304 and *Weber v. Moses,* 938 S.W.2d 387, 393 (Tenn. 1996) (ECF No. 1.) The Magistrate Judge correctly concluded that Plaintiff's ADAAA action and retaliatory discharge claims against TransWood and Arch are both untimely and should be dismissed under Rule 12(b)(6).

In response to Arch's insufficient service of process argument, the Magistrate Judge concluded that the Court's electronic record for this matter reflects that a summons was returned as executed to Arch Insurance Company (Gallagher Bassett Insurance Carrier) at P.O. Box 292109, Nashville, TN, 37229. (ECF No. 24.) Based on Plaintiff's failure to respond to this argument, the Magistrate Judge correctly determined that Plaintiff's claims against Arch must

also be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. (ECF No. 40, 6.)

The Court liberally construes Plaintiff's objections to the Magistrate Judge's report and recommendation as evidence that he was still receiving medical care for his treatment at the time of his termination from his employment. He also appears to request a hearing on the motions to dismiss. (ECF No. 41.) In reference to the Magistrate Judge's determination that Plaintiff's filings were timely, Plaintiff only asserts that, "Everything I filed was in a timely manner and all the papers are in the files that I filed with the courts." (ECF No. 41.) Without more, the Court deems Plaintiff's response to the Magistrate Judge's report and recommendation as a general objection that does not address the substantive arguments raised by Defendants for dismissal of his claims. *Howard,* 932 F.2d at 509 (general objections are not considered as raising any objections at all); *McCready*, 113 F. App'x. at 49. *Brown*, 47 F.Supp.3d at 674 (a district judge should adopt findings and recommendations to which no specific objection is filed.)

After a *de novo* review, the Court agrees that Defendants' motions to dismiss should be Granted.

## CONCLUSION

For the reasons provided above, the Court finds that the Magistrate Judge's Report and Recommendation, ECF No. 40, should be adopted in its entirety and Plaintiff's objection, ECF No. 41, overruled as lacking specificity. Accordingly, Defendants' TransWood and Arch Insurance Company's Motions to Dismiss, ECF Nos. 18 & 26, should be Granted and the case ordered Dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6).

**IT IS SO ORDERED** on this 2nd day of July, 2018.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE